# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2158 | **DATE** | 5/18/2011 |
| **CASE TITLE** | Ron Haddad, Jr. vs. River Forest Police and Village, et al | | |

**DOCKET ENTRY TEXT**

Enter Written Opinion. The time for challenging Mr. Haddad's arrest has come and gone long ago, and the timely challenges he did assert have all been dismissed. This case is dismissed with prejudice, and Plaintiff's motion for leave to proceed *in forma pauperis* [4], and motion for appointment of counsel [5], are stricken as moot. (For further details see minute order.)

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Mail AO 450 form.

## STATEMENT

Plaintiff Ron Haddad, Jr. has filed a three-page single-spaced complaint together with a motion for leave to proceed *in forma pauperis* [4] and motion for appointment of counsel [5]. Pursuant to 28 U.S.C. § 1915(e) (Section 1915(e)), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." *Id.* Under that standard, even with the benefits of the liberal construction to which Haddad, a *pro se* filer, is entitled, *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), his complaint must be dismissed.

Plaintiff's complaint names as Defendants the River Forest Police and Village, Oak Park Family Services, the Illinois State Police, Attorney Ed Fox, and Whole Foods Corporation. The first page of the complaint purports to set forth claims against "River Forest Police and Village WITH PROPER JURISDICTION for the events of Case #00 CV 6073." Although he provides no other dates or times, Plaintiff lists claims for "false arrest, wrongful imprisonment, denial of due process and rights to lawyer and phone calls in this same jurisdiction . . . " Attorney Ed Fox evidently represented Plaintiff in connection with an earlier lawsuit against the other Defendants, but, according to Plaintiff "deliberately aim[ed] to lose" Plaintiff's (earlier) case.

The second page of Plaintiff's complaint makes allegations against the River Forest Police, the Village of River Forest, the Illinois State Police, and Whole Foods Corporation. Although the complaint fails to identify the dates on which the alleged wrongdoing took place, it appears that it was a dispute somehow involving a Whole Foods store that resulted in the arrest Plaintiff challenged in his earlier lawsuit.

In the third page of his complaint, Plaintiff alleges that when lawsuits he had filed against River Forest and Whole Foods "entered the Appeals phase," Illinois State Police violated Plaintiff's rights by revoking his F.O.I.D. card. He claims, further, that his lawsuit against River Forest and Whole Foods were "illegally lost in U.S. Supreme Court for unspoken reasons . . . ."

As this brief summary demonstrates, Haddad's complaint must be dismissed for two independent

| **STATEMENT** |
|---|

reasons. First, his claims have already been litigated. Plaintiff himself refers to Case No. 00 C 6073, a case in which Plaintiff charged a River Forest Police Office with false imprisonment. This court takes judicial notice that that case was dismissed by Judge Lindberg of this court more than nine years ago. *Haddad v. Higgins et al.,* No. 00 C 6073 (N.D. Ill. Jan. 28, 2002), *appeal dismissed,* No. 02-1827 (7th Cir. May 7, 2003). Plaintiff is not entitled to re-open that lawsuit. To the extent he now alleges that Attorney Fox is liable for having handled the earlier case improperly, that is a claim of legal malpractice, a state law claim which can be brought in this court only if the parties are diverse in citizenship. That test is not met here. Plaintiff Haddad knows this: he filed two earlier cases against Mr. Fox, both of which were promptly dismissed years ago by other judges of this court. *See Haddad v. Fox*, 07 C 3287 (N.D. Ill. July 9, 2007) (Lindberg, J.); *Haddad v. Fox*, 07 C 4026 (N.D. Ill. July 1, 2007)(Der-Yeghiayan, J.) [Nor are these the only instances in which the courts have explained the diversity jurisdiction doctrine: In an action apparently unrelated to this one, Judge Hart of this court dismissed state law claims brought by Plaintiff against a private loan servicer for lack of jurisdiction. *Haddad v. Sallie Mae Servicing*, 05 C 6543 (N.D. Ill. Nov. 17, 2005).]

Although Plaintiff has not provided a case number, the court takes notice that his claim against Whole Foods has also been presented at least once before, in a complaint Plaintiff filed in 2007. Judge Castillo dismissed that complaint, and again the Seventh Circuit affirmed. *See Haddad v. River Forest Police Dep't et al.,* 07 C 6715 (N.D. Ill. Jan. 22, 2009), *aff'd* 09-1345 (7th Cir. July 13, 2010). Thus, all of Plaintiff's claims have already been dismissed, and any effort to relitigate them must be dismissed as barred by *res judicata*. The court notes that Plaintiff Haddad should understand this principle, as well. In *Haddad v. Dominican University, et al.*, 07 C 1663 (N.D. Ill. Nov. 29, 2007), Judge Kendall of this court dismissed Haddad's lawsuit as a refiling of an earlier complaint and cautioned, "Plaintiff is warned that filing another suit against defendants in this case, . . . , for the same allegations arising out of the same charges as have been filed in this cause will be deemed by the Court to be harassing, and will be subject to contempt or sanctions in the future."

Because the events giving rise to Plaintiff's arrest arose no later than 2000, and any malpractice occurred by 2002, his claims are untimely. Thus, even if this were the first lawsuit he had filed, the court would be compelled to dismiss it as barred by the statute of limitations. Plaintiff appears to have anticipated this concern; he suggests that a recent Supreme Court decision opens the door to relitigating all of his claims years after they arose. He does not name the case, but appears to be referring to *Lewis v. City of Chicago*, 130 S.Ct. 2191 (2010), where the Supreme Court concluded that plaintiffs, applicants for firefighter positions, were entitled to challenge the City's hiring decisions despite the fact that those decisions were based on an eligibility list that had been created years earlier. The case does not establish, as Plaintiff here suggests, that "as long as a Plaintiff still suffers damages, . . . than [sic] the one year filing deadline is voided . . . ."

The time for challenging Mr. Haddad's arrest has come and gone long ago, and the timely challenges he did assert have all been dismissed. This case is dismissed with prejudice, and Plaintiff's motion for leave to proceed *in forma pauperis* [4], and motion for appointment of counsel [5], are stricken as moot. Finally, the court notes that Plaintiff has at least one other case pending: *Haddad v. Brown*, No. 11 C 30, a false arrest claim against an Oak Park Police Officer, is itself a re-filing of an earlier lawsuit, see No. 08 C 6417, and appears likely to be dismissed for that reason and on timeliness grounds. And in *Haddad v. Piyush*, No. 11 2160, Haddad filed suit against Attorney Piyush Chandra, who represented Haddad in a pending criminal proceeding, No. 09 CR 115; Magistrate Judge Cole; and other Defendants, seeking $60 million. Judge Der-Yeghiayan dismissed that case on April 22, 2011.

A copy of this order will be sent to the Court's Executive Committee, with the recommendation that the Committee consider the propriety of restricting Mr. Haddad's civil filing privileges.